UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 08-80017-CIV-MARRA/JOHNSON

SIERRA EQUITY GROUP, INC., in its own
right, and as assignee of Michael E. Splain,
James W. Lees, and the Andrew Revocable
Trust,

    Plaintiff,

v.

WHITE OAK EQUITY PARTNERS, LLC,
ROSS STATHAM, individually, PHILIP
ORLANDO, individually, and ANTHONY
ORLANDO, individually,

    Defendants.
_____/

## OPINION AND ORDER GRANTING JURISDICTIONAL DISCOVERY

THIS CAUSE comes before the Court on Plaintiff Sierra Equity Group, Inc.'s Motion for an Enlargement of Time to Respond to Motions to Dismiss and for Entry of Order Permitting Jurisdictional Discovery (DE 18). The motion is now fully briefed and ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

On December 5, 2007, Plaintiff Sierra Equity Group, Inc. ("Plaintiff") filed its Complaint against Defendants White Oak Equity Partners, LLC ("White Oak"), Ross Statham, Philip Orlando, and Anthony Orlando. The case was subsequently removed to this Court on January 9, 2008. In the Complaint, Plaintiff asserts that the Court may exercise personal jurisdiction over all Defendants pursuant to Fla. Stat. § 48.193(1)(b) for committing a tortious act within the State of Florida. (Compl. ¶¶ 4-7.) Further, Plaintiff asserts that Defendant White Oak consented to

personal jurisdiction in Florida and that White Oak engages in substantial activity within Florida. Subsequently, all Defendants filed motions to dismiss the Complaint for failure to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6) and for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).

Plaintiff now seeks an order permitting jurisdictional discovery to allow Plaintiff to respond to the challenges to personal jurisdiction. Defendants oppose Plaintiff's motion for jurisdictional discovery, claiming that the Court should first resolve Defendants challenges under Rule 12(b)(6) for failure to state a claim.

The Court begins its analysis by noting that "federal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits." *Eaton v. Dorchester Development, Inc.*, 692 F.2d 727, 729 (11th Cir.1982) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). "Where issues arise as to jurisdiction or venue, discovery is available to ascertain facts bearing on such issues." *Oppenheimer Fund*, 437 U.S. at 351 n.13. Specifically, "[i]f the jurisdictional question is genuinely in dispute and the court cannot resolve the issue in the early stages of the litigation . . . then discovery will certainly be useful and may be essential to the revelation of facts necessary to decide the issue." *Eaton*, 692 F.2d at 730 n.7. As aptly stated by the United States Court of Appeals for the D.C. Circuit, "[a] plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum." *El-Fadl v. Cent. Bank of Jordan*, 75 F.3d 668, 676 (D.C.Cir.1996).

Eleventh Circuit precedent indicates that jurisdictional discovery is highly favored before

2

resolving Federal Rule of Civil Procedure 12(b)(2) motions to dismiss for want of personal jurisdiction. *See Eaton*, 692 F.2d at 731; *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir.1997) (a motion to dismiss for lack of personal jurisdiction may require limited discovery so that a meaningful ruling can be made); *Majd-Pour v. Georgiana Community Hosp., Inc.*, 724 F.2d 901, 903 (11th Cir.1984) ("[a]lthough the plaintiff bears the burden of proving the court's jurisdiction, the plaintiff should be given the opportunity to discover facts that would support his allegations of jurisdiction"); *Blanco v. Carigulf Lines*, 632 F.2d 656, 657 (5th Cir.1980)[1] (dismissal was error where defendants had not responded to plaintiff's interrogatories); *Skidmore v. Syntex Laboratories, Inc.*, 529 F.2d 1244, 1248-49 (5th Cir.1976) (held "that the district court acted too drastically in entering its order of dismissal without giving plaintiff a further opportunity for discovery" though defendants had answered 184 interrogatories); *Littlejohn v. Shell Oil Co.*, 483 F.2d 1140, 1146 (5th Cir.1973) (en banc) (denial of jurisdictional discovery reversed though the plaintiff had agreed in writing that discovery would not take place until after the district court had ruled on defendants' motion to dismiss); *cf. Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n.7 (11th Cir.1999) (no error when district court dismissed case before any discovery efforts were made and only allusion to jurisdictional discovery was on first page of memorandum in opposition to the motion to dismiss filed seven and one-half months after the complaint and more than five months after the filing of the motion to dismiss).

The Court finds that jurisdictional discovery is appropriate in this case. Defendants challenge Plaintiff's allegations of their contacts with the State of Florida, which is a question of

---

[1]In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 & 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

fact. Jurisdictional discovery will be useful to determine the actual extent of Defendants' contacts with Florida to determine whether this case can be resolved on its merits. Without factual discovery, the Court would be left to conjecture whether it could exercise jurisdiction over Defendants.

Defendants do not dispute that jurisdictional discovery could be useful to clarify whether Defendants are subject to this Court's jurisdiction. Instead, Defendants argue that "a Rule 12(b)(6) motion to dismiss should be considered before allowing any discovery on a jurisdictional motion." (Def. Resp. ¶ 8.) Because Defendants' arguments on the merits may be dispositive of dismissal, the Court should first consider the merits of Defendants' motions to dismiss for failure to state a claim.

As the Supreme Court explained in *Sinochem International Co. Ltd. v. Malaysia International Shipping Corp.*, 127 S. Ct. 1184, 1191-92 (2007), "jurisdiction is vital only if the court proposes to issue a judgment on the merits." A dismissal for failure to state a claim for which relief can be granted under Rule 12(b)(6), nevertheless, is a judgment on the merits. *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981). Therefore, in order to rule on Defendants challenges to Plaintiff's Complaint under Rule 12(b)(6) and issue a ruling on the merits, the Court must first establish that it has jurisdiction to reach the merits of the case. The Court's jurisdiction is a threshold issue, and a consideration of the merits prior to the Court's determination of jurisdiction "offends fundamental principles of separation of powers." *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for an Additional Enlargement of Time to Respond to Motions to Dismiss

(DE 18) is **GRANTED**. Plaintiff may conduct discovery that is narrowly tailored to the personal jurisdiction issues implicated by the motion to dismiss. The discovery should, under no circumstances, stray into issues relating to the merits of this case. This jurisdictional discovery shall be completed <u>no later than sixty (60) days</u> from the date of entry of this order.

2. Pursuant to 28 U.S.C. § 636 and the Magistrate Rules of Local Rules of the Southern District of Florida, this case is **REFERRED** to Magistrate Judge Linnea R. Johnson for appropriate disposition of all pretrial discovery motions.[2] This Order does not refer any motion which requests a continuance or extension of the trial or pretrial scheduling dates.

3. Defendants Philip Orlando and Anthony Orlando's Motion to Dismiss for Failure to State a Claim, Motion to Dismiss for Lack of Personal Jurisdiction, and Motion to Strike Scurrilous and Immaterial Allegations (DE 4) and Defendant White Oak Equity Partners, LLC, and Ross Statham's Motion to Dismiss and Motion to Strike (DE 6) are **TERMINATED FOR STATISTICAL PURPOSES** until the conclusion of jurisdictional discovery. Within ten (10) days of the completion of jurisdictional discovery, Plaintiff shall file a response to Defendants' Motions to Dismiss.

4. Plaintiff's Motion for Extension of Time (DE 14) is **DENIED AS MOOT**.

      **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 15th day of April, 2008.

                                                     KENNETH A. MARRA
                                                     United States District Court

Copies furnished to:

---

[2]The parties are reminded of their duty to confer and cooperate in good faith in determining the logistics of discovery.

Magistrate Judge Linnea R. Johnson
all counsel of record