UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80017-CIV-MARRA/JOHNSON

SIERRA EQUITY GROUP, INC., in its
own right, and as assignee of
Michael Splain, James W. Lees,
and the Andrew Revocable Trust,

               Plaintiff,

v.

WHITE OAK EQUITY PARTNERS, LLC,
ROSS STATHAM, PHILIP ORLANDO,
and ANTHONY ORLANDO,

               Defendants            /

## OPINION AND ORDER

THIS CAUSE is before the Court upon Defendants Philip Orlando and Anthony Orlando ("the Orlandos") Motion for Reconsideration; for Certification to Seek an Interlocutory Appeal and for an Extension of Time to Answer (DE 61), filed April 8, 2009. The motion is fully briefed and ripe for review See DEs 65, 66. The Court has carefully considered the motion, response, and reply, and is otherwise fully advised in the premises.

In the instant action, Sierra Equity Group, Inc. ("Sierra"), as asignee of three investors, alleges claims of unjust enrichment, fraud, and securities fraud against the Orlandos (as well as claims against Defendants White Oak Equity Partners, LLC and Ross Statham). The Orlandos moved to dismiss (DE 36) for lack of personal jurisdiction and for failure to state a claim. On March 30, 2009, following oral argument on the motion, the Court entered an Order denying the Orlandos' motion to dismiss. (DE 59). The Orlandos timely moved for reconsideration and for certification to seek an interlocutory appeal, arguing that the March 30, 2009 Order denying the motion to dismiss is erroneous for failing to dismiss Plaintiff's securities fraud claim and fraudulent inducment claim against the Orlandos.

**Motion for Reconsideration**

In reviewing a motion to reconsider, the Court "will not alter a prior decision absent a showing of 'clear and obvious error' where 'the interests of justice' demand correction." Prudential Securities, Inc. v. Emerson, 919 F. Supp. 415, 417 (M.D. Fla. 1996) quoting American Home Assurance, Co. v. Glenn Estess & Assoc. Inc., 763 F.2d 1237, 1239 n.2 (11th Cir. 1985). A motion for reconsideration should not be used to reiterate arguments already made or to ask the Court to "rethink what the Court . . . already thought through." Z.K. Marine, Inc. v. M/V Archigetis, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). A motion for reconsideration premised on previously rejected arguments should be denied because it "does not meet the standard employed on review of a Motion for Reconsideration." Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 440 F.Supp.2d 1256, 1268 (N.D. Ala. 2006). "[M]otions to reconsider are not a platform to relitigate arguments previously considered and rejected." Id. at 1268 n. 9 (citations omitted).

Here, the Orlandos' motion for reconsideration simply re-argues the same points regarding Plaintiff's securities fraud claim and the application of the economic loss rule to the fraudulent inducement claims that they already presented to the Court in their original briefs and during oral argument. The Court, in its March 30, 2009 Order, carefully analyzed and rejected the Orlandos' arguments. Accordingly, there is no basis for reconsideration of the Order and the Orlandos' Reconsideration Motion is due to be **DENIED.**

**Motion for Certification for Interlocutory Appeal**

The Orlandos request a certification for interlocutory appeal pursuant to section 1292(b) of title 28 of the United States Code. That section provides:

> § 1292. Interlocutory decisions .... (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is

2

> substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

The Supreme Court has explained that only "exceptional circumstances" can "justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978) (quotation marks omitted);

As an initial matter, the Court does not believe that there is substantial ground for difference of opinion on any controlling issues of law with respect to the rulings in the March 30, 2009 Order.  Moreover, the court concludes that interlocutory appeal of the specified issues would not "materially advance the ultimate termination of the litigation" as required under § 1292.  This is true particularly insofar as the litigation will continue against each of four Defendants in this action on the unjust enrichment claim, regardless of the outcome of the proposed interlocutory appeal.  Thus, it is apparent that an interlocutory appeal would not advance, but would rather delay the litigation.  As a result, the Court **DENIES** the Orlandos' § 1292(b) certification motion for an interlocutory appeal.

**Motion for Extension of Time**

The Orlandos also ask for an enlargement of time to serve their answer, which was due on April 13, 2009.  Plaintiff states that it has no objection to the motion for enlargement of time.  Accordingly, the Orlandos' motion for an extension of time to file their answers is **GRANTED.**

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Defendants Philip Orlando and Anthony Orlando ("the Orlandos") Motion for Reconsideration; for Certification to Seek an Interlocutory Appeal and for an Extension of Time to Answer (DE 61) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. The Orlandos' Motion for Reconsideration and Motion for Certification to Seek an Interlocutory Appeal are **DENIED,** for the reasons stated above.

2. The Orlandos' Motion for an Extension of Time to Answer the amended complaint is **GRANTED.**  The Orlandos shall file their answers within ten (10) days from the date of this Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 18th day of May, 2009.

_____
KENNETH A. MARRA
United States District Court

Copies furnished to:

all counsel of record

ROSS STATHAM and WHITE OAK EQUITY PARTNERS, LLC

5555 Hubbab Town Road, Cumming, GA 30040